**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Ironshore Indemnity Inc., | : | |
| | : | |
| Plaintiff, | : | Case No.: _____ |
| | : | |
| vs. | : | |
| | : | Judge: _____ |
| Evenflo Company, Inc. | : | |
| | : | |
| Defendant. | : | |

## <u>COMPLAINT</u>

By and through counsel, Ironshore Indemnity Inc. ("Ironshore") hereby brings the following Complaint against Evenflo Company, Inc. ("Evenflo").

By way of overview, Ironshore issued a Products-Completed Operations Liability policy of insurance to Evenflo in 2013. That policy of insurance renewed in 2014. Under those policies of insurance, Ironshore has the right to settle covered claims asserted against Evenflo up to the liability limits of the policies. Evenflo is then obligated under those policies to reimburse Ironshore for 100% of such settlements.

Under the 2013 and 2014 iterations of the policy, Ironshore settled and paid two covered claims against Evenflo. However, currently, Evenflo refuses to reimburse Ironshore for the same.

Ironshore therefore seeks (1) declaratory relief regarding Ironshore's right to settle such claims and Evenflo's obligation to reimburse Ironshore for such settlements; and (2) reimbursement of the two settlement amounts, plus interest.

## The Parties and Jurisdiction

1.      Ironshore Indemnity Inc. ("Ironshore") is a corporation organized under laws of the State of Minnesota and maintaining its principal place of business in the State of New York.

2.      Evenflo Company, Inc. ("Evenflo") is a corporation organized under the laws of Delaware and maintaining its principal place of business in Ohio.

3.      This Court has personal jurisdiction over Evenflo based on its presence within the jurisdiction of the Court and based on the fact that the insurance policies at issue herein were issued in Ohio.

4.      This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §1332, for the amount in controversy in this action exceeds the sum of $75,000, exclusive of costs and interest, and this action is between citizens of different states.

5.      This Court has the power to grant the declaratory relief sought in this action pursuant to 28 U.S.C. §2201.

## Factual Background – The 2013 Insurance Policy

6.      Ironshore sold Evenflo a Products-Completed Operations Liability insurance policy ("the 2013 Policy") bearing policy number 001875300 with a policy period of December 31, 2013 to December 31, 2014.

7.      A true and accurate copy of the 2013 Policy, Bates labeled for identification and with the premium information redacted, is attached as Exhibit A.

8.      Evenflo is the named insured under the 2013 Policy.

9.      Pursuant to the 2013 Policy's Coverage Form, in pertinent part:

> [Ironshore] will pay those sums that [Evenflo] becomes legally obligated to pay as damages because of "bodily injury" or "property damage" included within the "products-completed operations hazard" to which this insurance applies. We will have

2

the right and the duty to defend [Evenflo] against any "suit" seeking those damages. * * * [Ironshore] may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

(Ex. A, page IRON 000004.)

10.     By Endorsement, the 2013 Policy provides in pertinent part:

The following Limits of Insurance and Matching Deductible, subject to all the terms of this Coverage Part and the "other primary Coverage Part" that apply, are the most [Ironshore] will pay, and [Evenflo] must promptly reimburse [Ironshore] for 100% of the following amounts that have been paid: * * *

**Each Occurrence Limit – Car Seats**, * * * is the most we will pay for damages and Supplementary Payments under this Coverage Part or the "other primary Coverage Part" because of all "bodily injury" or "property damage" arising out of any one "occurrence" involving or in any way related to Car Seats.

(Ex. A, page IRON 000013-IRON 000014.  Emphasis in original.)

11.     The "Each Occurrence Limit – Car Seats" limit is $5,000,000 under the 2013 Policy.  (Ex. A, page IRON 000014.)

## Factual Background – The 2014 Insurance Policy

12.     The 2013 Policy renewed for December 31, 2014 – December 31, 2015.

13.     The renewal for December 31, 2014 – December 31, 2015 ("the 2014 Policy") bears policy number 001875301.

14.     A true and accurate copy of the 2014 Policy, Bates labeled for identification and with the premium information redacted, is attached as Exhibit B.

15.     The 2014 Policy includes the previously cited Coverage Form and Endorsement provisions.  (Ex. B, pages IRON 000051 and IRON 000060-IRON 000061.)

16.     The "Each Occurrence Limit – Car Seats" limit is $5,000,000 under the 2014 Policy.  (Ex. B, page IRON 000061.)

3

**Factual Background – The Underlying Claims Against Evenflo**

17.     As a result of injuries suffered in an accident in Florida on May 14, 2014, a lawsuit ("the Florida Suit") was brought against Evenflo.

18.     As a result of injuries suffered in an accident in California on January 27, 2015, a lawsuit ("the California Suit") was brought against Evenflo.

19.     The Florida Suit and the California Suit were both "suits" against Evenflo arising out of "occurrences" covered under the 2013 Policy and the 2014 Policy, respectively, as those terms are defined in the same.

20.     Ironshore defended Evenflo against the Florida Suit and the California Suit.

21.     On June 26, 2018, Ironshore paid $2,000,000 to settle the Florida Suit ("the Florida Settlement").

22.     On March 20, 2020, Ironshore paid $2,100,000 to settle the California Suit ("the California Settlement").

23.     The Florida Settlement and the California Settlement (collectively, "the Underlying Settlements") were paid under the Each Occurrence Limit – Car Seats limit of the 2013 Policy and the 2015 Policy, respectively.

**Factual Background – Evenflo Has Refused to Reimburse Ironshore
for 100% of the Underlying Settlements**

24.     Ironshore has demanded that Evenflo reimburse it for 100% of the Underlying Settlements.

25.     A copy of one of the of communications requesting such reimbursement is attached as Exhibit C.

26.     Evenflo has failed to reimburse Ironshore for any portion of the Underlying Settlements.

4

## Count I – Declaratory Judgment

27.     Ironshore incorporates herein by reference the allegations of the preceding paragraphs as if re-written in full.

28.     An actual controversy exists regarding whether Ironshore has the right to settle lawsuits against Evenflo such as the Florida Suit and the California Suit.

29.     An actual controversy exists regarding whether Evenflo has an obligation to reimburse Ironshore for 100% of settlements such as the Underlying Settlements.

30.     Ironshore asserts that Ironshore has the right to settle lawsuits such as the Florida Suit and the California Suit and that Evenflo has an obligation to reimburse Ironshore for 100% of settlements such as the Underlying Settlements.

31.     Evenflo asserts that Ironshore does not have the right to settle lawsuits such as the Florida Suit and the California Suit and that Evenflo does not have an obligation to reimburse Ironshore for 100% of settlements such as the Underlying Settlements.

32.     Pursuant to 28 U.S.C. §2201, and based on the language of the 2013 Policy and the 2014 Policy, Ironshore is entitled to declarations from this Court that (a) Ironshore has the right to settle lawsuits against Evenflo such as the Florida Suit and the California Suit; and (b) Evenflo has an obligation to reimburse Ironshore for 100% of settlements such as the Underlying Settlements.

## Count II – Breach of Contract

33.     Ironshore incorporates herein by reference the allegations of the preceding paragraphs as if re-written in full.

34.     The 2013 Policy and the 2014 Policy are contracts between Ironshore and Evenflo.

35.     The 2013 Policy and the 2014 Policy are supported by proper consideration.

36.     By settling the Florida Suit and the California Suit, Ironshore performed its obligations under the 2013 Policy and the 2014 Policy, respectively.

37.     Ironshore has performed all other obligations under the 2013 Policy and the 2014 Policy.

38.     By refusing to reimburse 100% of the Florida Settlement, Evenflo is in breach of the 2013 Policy.

39.     By refusing to reimburse 100% of the California Settlement, Evenflo is in breach of the 2014 Policy.

40.     Based on these breaches of contract by Evenflo, Ironshore has suffered $4,100,000 in contractual damages: $2,000,000 as a result of Evenflo's refusal to reimburse the Florida Settlement and $2,100,000 as a result of Evenflo's refusal to reimburse the California Settlement.

41.     In addition to these contractual damages, Ironshore is entitled to interest at the statutory rate from June 26, 2018 on the Florida Settlement and from March 20, 2020 on the California Settlement.

**WHEREFORE**, Ironshore prays for the following relief from this Court:

(1)     On Count I, declarations from this Court that (a) Ironshore has the right to settle lawsuits against Evenflo such as the Florida Suit and the California Suit; and (b) Evenflo has an obligation to reimburse Ironshore for 100% of settlements such as the Underlying Settlements; and

(2)     On Count II, $4,100,000 in contractual damages, plus interest at the statutory rate from June 26, 2018 on the Florida Settlement and from March 20, 2020 on the California Settlement; and

(3)     Any other relief the Court deems appropriate.

Respectfully submitted,

*/s/ William M. Harter*
William M. Harter (0072874)
Kaitlin L. Madigan (0087891)
Caitlin E. Vetter (0090665)
FROST BROWN TODD LLC
10 West Broad Street, Suite 2300
Columbus, Ohio 43215-3467
(614) 464-1211 (Telephone)
(614) 464-1737 (Facsimile)
wharter@fbtlaw.com
kmadigan@fbtlaw.com
cvetter@fbtlaw.com

*Attorneys for Ironshore Indemnity Inc.*

0000T69.0727914   4836-1841-5030v2