UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

IRONSHORE INDEMNITY, INC.,

    Plaintiff/Counterclaim Defendant,    Case No. 3:21-cv-241

vs.

EVENFLO COMPANY, INC.,    District Judge Michael J. Newman
        Magistrate Judge Caroline H. Gentry
    Defendant/Counterclaimant.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**
**(Doc. No. 13)**

---

This is a civil case in which Plaintiff/Counterclaim Defendant ("Plaintiff") moves for a declaratory judgment addressing the parties' liabilities and rights under an insurance contract. This case is before the Court on Plaintiff[1] Ironshore Indemnity, Inc.'s Fed. R. Civ. P. 12(c) motion for judgment on the pleadings. Doc. No. 13. In response to the motion, Defendant/Counterclaimant ("Defendant") filed a memorandum in opposition. Doc. No. 16. Thereafter, Plaintiff submitted a memorandum in reply. Doc. No. 18. Thus, the motion is ripe for review.

**I.**

The standard for reviewing a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings is the same standard for reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *See Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). "For purposes of a motion for

---

[1] Under Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed -- but early enough not to delay trial -- *a party* may move for judgment on the pleadings." Fed. R. Civ. P. 12(c) (emphasis added). Any party, including a plaintiff, may move for judgment on the pleadings. *See, e.g.*, *Titus v. Operating Eng'rs Loc. 324 Pension Plan*, No. 16-CV-10951, 2018 WL 836528, at *3 (E.D. Mich. Feb. 13, 2018); *see also, e.g.*, *Dist. No. 1, Pac. Coast Dist., Marine Eng'rs Beneficial Ass'n, AFL-CIO v. Liberty Mar. Corp.*, 933 F.3d 751, 760–61 (D.C. Cir. 2019).

judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (quotation omitted). However, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* at 582–83 (quotation omitted). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.*, more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A "legal conclusion couched as a factual allegation" need not be accepted as true, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## II.

Having carefully and thoroughly considered the pleadings and briefing in support of, and in opposition to, Plaintiff's motion, along with the procedural posture of this case, the efficient and appropriate way forward is to permit discovery to occur and consider the parties' arguments on summary judgment, not earlier at the motion-to-dismiss phase of litigation. *See, e.g.*, *Meriwether v. Hartop*, 992 F.3d 492, 514 (6th Cir. 2021). Proceeding in this manner will ensure that the Court reviews these arguments only after appropriate discovery has been completed and will guarantee that the Court's consideration of the parties' arguments is not premature. *Id.*

Accordingly, Plaintiff's motion for judgment on the pleadings is **DENIED**. The Court anticipates reviewing both parties' arguments on summary judgment after the completion of discovery.

**IT IS SO ORDERED.**

Date:  April 13, 2022                            s/Michael J. Newman
                                                                                Hon. Michael J. Newman
                                                                                United States District Judge