UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

IRONSHORE INDEMNITY, INC.,

    Plaintiff,   Case No. 3:21-cv-241

vs.

EVENFLO COMPANY, INC.   District Judge Michael J. Newman

    Defendant.

---

**ORDER: (1) DENYING THE PARTIES' JOINT MOTION TO MODIFY THE DISPOSITIVE MOTION DEADLINE (Doc. No. 56); (2) GRANTING THE PARTIES' JOINT MOTION FOR LEAVE TO FILE DISPOSITIVE MOTIONS AND EXHIBITS UNDER SEAL (Doc. No. 57); (3) REFERRING THIS CASE TO MAGISTRATE JUDGE PETER B. SILVAIN, JR. FOR THE LIMITED PURPOSE OF MEDIATION; (4) DIRECTING THE PARTIES TO SCHEDULE A TELEPHONE STATUS CONFERENCE WITH JUDGE SILVAIN; AND (5) SETTING A BENCH TRIAL FOR AUGUST 12, 2024 AT 9:30 A.M.**

---

    This case is before the Court upon two joint motions. The first is a motion to modify the dispositive motion deadline (Doc. No. 56), and the second is a motion for leave to file dispositive motions and exhibits under seal (Doc. No. 57).

    This case has been active since August of 2021. Because it is approaching three years of litigation, the Court **DENIES** the parties' joint motion to modify the dispositive motion deadline (Doc. No. 56). The dispositive motion deadline remains May 20, 2024.

    For good cause shown, the joint motion for leave to file dispositive motions and exhibits under seal (Doc. No. 57) is **GRANTED** pursuant to the parties' Stipulated Protective Order (Doc. No. 30) and *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Cir. 2016). Good cause to file under seal exists because these documents may contain confidential information protected by attorney-client privilege, as well as confidential information concerning work product

and settlement communications. Further, the parties notified the Court of their intent to publicly file redacted versions of these documents. The Clerk of Court is **INSTRUCTED** to accept these documents as filed under seal.

The parties have completed discovery in this matter. *See* Doc. No. 58. Having considered the facts and procedural posture of the case, the Court finds mediation may be appropriate at this time. Accordingly, pursuant to 28 U.S.C. § 636(c), this case is hereby referred to Magistrate Judge Peter B. Silvain, Jr. for the purpose of exploring whether mediation would assist the parties in resolving this case. The parties are instructed to contact Judge Silvain's chambers immediately to schedule a phone conference.

Because of this case's lengthy litigation, the Court will also schedule a trial in the event: (1) mediation is unsuccessful; or (2) the case is not resolved through dispositive motions. Accordingly, a bench trial is hereby scheduled for **August 12, 2024 at 9:30 A.M.** The Court will issue a separate Order regarding pretrial motion deadlines and a final pretrial conference after it is informed of the mediation outcome.

**IT IS SO ORDERED.**

Date:  May 9, 2024                                              s/ Michael J. Newman
                                                                                 Michael J. Newman
                                                                                 United States District Judge